UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 92-2147

 NOEMI ALVAREZ-CRESPO and
 LUIS FELIPE RIVERA-ROYAL,

 Plaintiffs, Appellees,

 v.

 MATEO OLAVARRIA-RIVERA and
 ANTONIA OLAVARRIA,

 Defendants, Appellants.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jos Antonio Fust , U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 

 Torruella and Selya, Circuit Judges.
 

 

 Jos A. Cestero-Rodr guez, with whom Jos A. Andr u-Fuentes,
 
was on brief for appellants.
 Nydia Gonz lez-Ortiz, with whom Emiliano Irizarry-Castro and
 
Puerto Rico Legal Services, was on brief for appellees.
 

 

 May 26, 1993
 

 TORRUELLA, Circuit Judge. This dispute involves the
 

ownership of a house in Camuy, Puerto Rico. After a jury found

for appellees, the district court denied appellants' alternative

motions for judgment as a matter of law and for a new trial. We

affirm the district court's judgment.

 BACKGROUND
 

 The parties agree to the following facts for the

purposes of this appeal. Appellants, Mateo and Antonia

Olavarr a, are Puerto Rican retirees living in Miami. Appellees,

Luis Felipe Rivera and Noem Alvarez, are appellants' grandnephew

and grandniece. In 1985, appellants visited appellees in Puerto

Rico. Luis and Noem were married with four children at the

time, but have since divorced. Troubled by Luis' deplorable

living conditions, Mateo offered to buy land to build a home for

Luis and his family. Soon after, Luis found a parcel of land,

and Mateo bought it for $18,000. Mateo took title in his own

name to prevent Luis from selling it.

 Learning on a later visit that Luis had not begun

construction of the house, Mateo opened an account at a local

bank with $12,500, to help him get started. Mateo later made

additional deposits. Antonia sent Mateo $30,000 from their joint

account for one of these deposits. Ultimately, the account

reached the sum of $51,000, which Luis used to build the home.

 When Mateo later learned that Luis planned to divorce

Noem , he attempted to sell the house. Luis and Noem then sued

Mateo and Antonia, claiming ownership. At trial, a jury found

 -2-

for appellees, and the court denied appellants' motions for

judgment as a matter of law and for a new trial.

 DISCUSSION
 

 As always, we must afford the jury verdict considerable

deference. We will overturn a district court's denial of a

motion for judgment as a matter of law only if we find that a

rational jury could reach only one conclusion. See Pearson v.
 

John Hancock Mut. Life Ins. Co., 979 F.2d 254, 255 (1st Cir.
 

1992). Similarly, we review a district court's denial of a new

trial only for abuse of discretion. PH Group Ltd. v. Birch, 985
 

F.2d 649, 653 (1st Cir. 1993).

 Puerto Rico is a civil law jurisdiction, ruled by a

civil code. Pursuant to its provisions in P.R. Laws Ann. tit.

31, 3672 (1991), no spouse may donate community property

without the written consent of the other spouse, other than

property meant for personal or family use that individuals would

commonly transfer given their economic situation. Section 3672

provides in relevant part:

 Notwithstanding [exceptions not relevant
 here], neither of the two spouses may
 
 donate, alienate or bind for a
 consideration the personal or real
 property of the community property
 without the written consent of the other
 
 spouse, excepting things for personal or
 family use in accordance with the social
 or economic standing of both spouses.

 Any disposal or administration act made
 with respect to said property by either
 
 of the spouses in violation of this and
 any other section of this title shall not
 affect the other spouse or his heirs.

 -3-

(emphasis added).

 Appellants argue that according to 3672, the jury

reached an improper verdict because appellees presented no

evidence that Antonia consented to or ratified the donation of

the money in writing. However, 3672 applies only when one

spouse makes a donation. The statute states that neither spouse
 

may donate community property without the written consent of the

other spouse. It requires that when an individual's rights may

be affected by her spouse's donation, she must consent in writing
 

to the transaction. It says nothing of such a requirement when

both spouses donate movable property. The legislature enacted 
 

3672 to make both spouses equal co-administrators of community

property, and to protect individuals from depletion of community

assets by their spouses. Silva Ramos v. Registrador, 107 P.R.
 

Dec. 240 (1978) (translation at 9). When both spouses jointly
 

give a gift of movable property, they literally co-administer

that property, and thus neither party can claim that the other

depleted the community assets.1

 In the present case, the district court found it

 

1 While the Puerto Rico Supreme Court has never directly
addressed the issue of whether written consent is necessary when
both spouses together give a gift of movable property, it has
stated in dicta that 3672 requires the written consent of both
spouses for the disposition of real and personal community
property. See Silva Ramos, 107 P.R. Dec. 240 (translation at 9).
 
This suggests that even if both spouses make the donation, they
both must provide written consent. We find, however, that the
dicta contradicts the express language of the statute and the
purposes behind it. Thus, absent a direct mandate on point, we
cannot conclude that when a spouse violates the statute, the same
spouse can later hide behind it to avoid an already completed
donation.

 -4-

reasonable for a jury to conclude that both Mateo and Antonia

knowingly gave Luis and Noem a gift of money. We find no clear

error in this ruling. The record contained testimony that Mateo

told Luis that he was giving him money as a gift to build a home,

and that he put that money in a joint checking account in both of

their names. (Transcript of Trial Proceedings at 33, 38). Luis

then used that money to build a house. According to the record,

both Mateo and Antonia knew of the joint bank account. Id. at
 

85. Indeed, Antonia sent money to her husband for the account,

and she testified that she knew that the money was for a house on

their land in Camuy. Id. at 80, 85. Furthermore, appellants
 

never withdrew money from the joint account, and appellees

controlled the check book. Id. at 43. Appellants never
 

requested that appellees explain or justify their use of the

money in that account, and appellees kept all of the account's

canceled checks. Id. at 45. Finally, appellants never claimed
 

ownership of the house before Luis and Noem 's divorce, and

appellees had the keys to the house, an indicia of ownership;

appellants did not. Id. at 49-50.
 

 From this evidence, a rational jury could conclude that

both Mateo and Antonia gave appellees money as a gift to build a

house, and the weight of the evidence did not contradict this

conclusion. Thus, the district court properly denied appellants'

alternative motions.

 Affirmed.
 

 -5-